UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    c/o United States Attorney    Judiciary Center Building    555 Fourth St., N.W.    Washington, D.C.   20530        **Plaintiff,**     v.   **$3,799.00 IN UNITED STATES CURRENCY,**        **Defendant.** | )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )  )   Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully pleads as follows:

**BACKGROUND**

1. This is an *in rem*, civil action brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture of money and other things of value that are exchanged for controlled substances or are, otherwise, traceable to such an exchange.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a).  Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

3. The "Defendant Property" is more fully described as:

> three thousand seven hundred ninety-nine  ($3,799.00) dollars in United States currency seized on December 16, 2004, from a residential premises located at 2020 Brooks

Drive (Apt . 807) Forrestville, Maryland.

4. The Defendant Property is under the custody and control of the Federal Bureau of Investigation within the geographical boundaries of the District of Columbia.

5. Administrative forfeiture proceedings were commenced against the Defendant Property by the FBI's Washington Field Office and, thereafter, Edward Kenneth Kelly filed an administrative claim asserting an interest in the Defendant Property.

## BASES FOR FORFEITURE

### Edward Kenneth Kelly's Drug Activities

6. Public records establish that Edward Kenneth Kelly's (hereinafter, "Kelly") drug trafficking activities date back at least ten years when, in June 1995, he was convicted by a Maryland state court for conspiracy to distribute cocaine and was sentenced to forty years confinement.

7. On September 2, 2004, a duly-authorized search warrant was served on Kelly's residence, located at 1526 Potomac Avenue, S.E., Washington, D.C. Prior to the execution of the above-referenced search warrant, undercover surveillance had disclosed that Kelly sold drugs on the street near his residence.

8. During the course of that search, Kelly told law enforcement officers that he would take responsibility for anything that was found inside the residence and specifically told the officers that they could find a quantity of cocaine inside a backpack located in the living room of the residence.

9. During the search of 1526 Potomac Avenue, S.E., law enforcement officials found approximately 497 grams of cocaine.

10. The officials also found forty-seven thousand ($47,000.00) dollars in United States currency and an unregistered handgun in the residence.

11. Although Kelly shared the residence with his girlfriend, Kelly admitted that the drugs, currency and weapon belonged to him.

12. Kelly further admitted that he had hoped to use the proceeds from the sale of the seized drugs to purchase a truck in order to launch a business.

13. Following execution of the September 2004 search warrant on his D.C. residence, Kelly relocated to 2020 Brooks Drive (Apt. 807) Forrestville, Maryland.

14. On December 16, 2004, a duly-authorized search warrant was executed at 2020 Brooks Drive (Apt. 807) Forrestville, Maryland.  During the course of that search, law enforcement officials found the Defendant Property; to wit: three thousand seven hundred ninety-nine ($3,799.00) dollars in United States currency located within that residence.

15. Investigation reveals that Kelly has not had any legitimate, reported income for the past several years.  State and local governmental records disclose that Kelly did not have any reported income for the past three years in either Maryland, Virginia or the District of Columbia.

16. Furthermore, after the execution of the December 16, 2004, warrant Kelly reported that he was unemployed.

17. Kelly was on probation for a drug trafficking conviction when he admitted to the possession with the intent to distribute the cocaine found in September 2004, as set forth above.

### COUNT I

18. All statements and averments made in paragraphs 1-17 are re-alleged and incorporated, herein, by reference.

19. The Defendant Property is subject to forfeiture because it constitutes proceeds traceable to drug trafficking.

20. In light of the above-described events, there is probable cause to believe that the Defendant Property was furnished in exchange for controlled substances, or is traceable to such an exchange, or was intended to facilitate such an exchange, in violation of 21 U.S.C. § 801 et seq., and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the Defendant Property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs

and disbursements of this action.

                                Respectfully submitted,

_____
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058


_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar 383353
555 4th St., N.W.
Room 4233
Washington, D.C.   20530
(202) 514-7065

**VERIFICATION**

I, Paul Cavanagh, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture <u>in</u> <u>rem</u> is based upon reports and information furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this ___day of June 2005.

_____
Paul Cavanagh
Special Agent
Federal Bureau of Investigation