UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   c/o United States Attorney<br>   Judiciary Center Building<br>   555 Fourth St., N.W.<br>   Washington, D.C. 20530<br><br>                Plaintiff,<br><br>     v.<br><br>$3,799.00 IN UNITED STATES<br>CURRENCY,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-01123 (ESH) |

## UNITED STATES' MOTION FOR STAY OF CIVIL PROCEEDINGS

COMES NOW the United States of America, the Plaintiff herein, by and through the United States Attorney for the District of Columbia, and moves this Court, pursuant to 18 U.S.C. § 981(g)(1), to stay the above-captioned civil forfeiture proceedings until such time as the related criminal prosecution has been completed. In support of this motion, the United States respectfully refers this Court to the accompanying Memorandum of Points and Authorities. A proposed order is attached.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

        /s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


        /s/
JUDITH A. KIDWELL
Assistant United States Attorney
United States Attorney's Office
555 4th St., N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     )<br>    c/o United States Attorney     )<br>    Judiciary Center Building     )<br>    555 Fourth St., N.W.     )<br>    Washington, D.C.  20530     )<br>                                                            )<br>                    **Plaintiff,**     )<br>                                                            )<br>        **v.**                                             )<br>                                                            )<br>**$3,799.00 IN UNITED STATES**     )<br>**CURRENCY,**                                )<br>                                                            )<br>                    **Defendant.**     )<br>_____)  | Civil Action No.  05-01123 (ESH) |

**UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR STAY OF CIVIL PROCEEDINGS**

**I.  Procedural Background**

On June 7, 2005, the United States filed its Verified Complaint for Forfeiture, *In Rem* against the defendant currency.  In its Verified Complaint, the Government alleges that the currency was acquired in exchange for controlled substances or was traceable to such an exchange in violation of 21 U.S.C. § 881(a)(6).

Edward Kenneth Kelly, Jr., ("Mr. Kelly") filed the sole claim to the defendant currency. Mr. Kelly filed his Answer *pro se.*

Prior to the United States filing its Verified Complaint for Forfeiture, *In Rem* against the defendant currency, a federal grand jury, empaneled in the District of Maryland, returned a multi-count drug trafficking indictment against several individuals, including Mr. Kelly.  On January 25, 2006, a Fourth Superceding Indictment was filed against Mr. Kelly and several other individuals in that related criminal prosecution in the United States District Court for the District

of Maryland (Criminal Case No. 04-559).

### II. Argument

1. The government's criminal prosecution will be adversely affected.

Title 18, United States Code, Section 981(g)(1) provides that:

> Upon motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

The government submits that the related criminal prosecution of Mr. Kelly, now pending in the District of Maryland, will be adversely affected if civil discovery is allowed to be conducted in this case.

Because most of the same evidence obtained in the criminal investigation will be used to support the civil forfeiture, the government would be required in civil discovery to disclose the names of individuals, documents, and other facts that would otherwise be unavailable to Mr. Kelly as a criminal defendant. Moreover, since the related criminal case is an ongoing investigation and prosecution, it is also possible that sensitive information regarding continuing investigative techniques of law enforcement agencies might be compromised. *See Exhibit I, Affidavit of Special Agent Paul Cavanagh.* For these reasons, a stay of this civil forfeiture action is appropriate. *United States v. GAF Financial Services, Inc.*, 335 F.Supp 2d 1371 (S.D. Fla. 2004) (holding that government can meet its burden of showing that civil discovery will have an adverse impact on a related criminal investigation by submitting an *ex parte* affidavit to the court).

    2.  <u>The criminal prosecution is directly related to this civil forfeiture proceeding</u>.

Title 18, United States Code, Section 981(g)(4) provides that:

> [I]n determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings.

In the present case, the government has filed a civil action for forfeiture and sought a criminal indictment based on the same conduct by Mr. Kelly. The United States' Verified Complaint for Forfeiture, *In Rem* sets forth in detail the scope of Mr. Kelly's drug trafficking activities in the District of Columbia and State of Maryland. Thus, the civil forfeiture action will require the presentation of most of the same evidence and witnesses that are being used in the criminal prosecution in the District of Maryland. In fact, the defendant currency in the civil forfeiture action was seized during the execution of a search warrant and the arrest of Mr. Kelly, both of which were part of the District of Maryland's criminal investigation and prosecution.

    WHEREFORE, for the foregoing reasons, the Plaintiff, United States of America, moves this Court to impose a stay of this civil forfeiture action until such time as the related criminal prosecution in the District of Maryland concerning the claimant, Edward Kenneth Kelly, Jr., is concluded.

                                Respectfully submitted,

                                  _____/s/_____
                                KENNETH L. WAINSTEIN
                                United States Attorney
                                D.C. Bar No. 451058

                /s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


                /s/
JUDITH A. KIDWELL
Assistant United States Attorney
United States Attorney's Office
555 4th St., N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the United States' Motion for Stay of Civil Proceedings, Memorandum of Points and Authorities, and Proposed Order have been made by mailing a copy thereof, via the U.S. Postal Service, Certified Mail, to:

Edward Kenneth Kelly, Jr., *Pro Se* Claimant
ID#A11684
Prince George's County Detention Center
13400 Dille Drive
Upper Marlboro, MD  20772

on this 6th day of February, 2006.

                                                /s/
                                      JUDITH A. KIDWELL
                                      Assistant United States Attorney
                                      United States Attorney's Office
                                      555 4th St., N.W., Room 4818
                                      Washington, D.C.  20530